IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLITA ARANGO )<br>      **Plaintiff** )<br>)<br>      v. )<br>)<br>)<br>RHONDA WINSTEAD, )<br>      **Defendant.** ) | C.A. No. 08-265<br><br>Magistrate Judge Baxter |

**MEMORANDUM OPINION** [1]

Magistrate Judge Susan Paradise Baxter

**A.     Relevant Procedural History**

      On September 22, 2008, Plaintiff, a prisoner incarcerated at SCI-Cambridge Springs, Pennsylvania, filed the instant action claiming that her due process rights were violated. Plaintiff named only one defendant in this action: Superintendent Rhonda Winstead.

      In her complaint, Plaintiff alleges, verbatim:

> Ms. Newton and I were sitting in the dayroom.  I tickled Ms. Newton's arm.  I also put ice down Ms. Newton's back.  I accidently touched her breast.  I was horsing around.  I was not making an advance to her.  I thought we were friends. She never told me she didn't like it or to stop.  They used her word against mine with no other evidence.  I have witnesses that saw what happened.

Document # 5.  Presumably, Plaintiff seeks monetary damages as relief for this alleged violation of her constitutional rights.[2]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  Documents # 8, 12.

[2] In her complaint, Plaintiff specifically seeks the expungement of the misconduct from her prison record.  The expungement of her misconduct is not available to her by way of a §1983

1

Defendant has filed a motion to dismiss (Document # 14) and Plaintiff has filed a brief in opposition to the pending dispositive motion (Document # 22).

**B.     Standards of Review**

    **1.     *Pro se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.     Motion to dismiss pursuant to 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure

---

action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

    In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550

3

U.S. at 556 n.3.

In order to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. Determining whether a complaint states a plausible claim for relief requires a judge to draw upon her judicial experience and common sense. Id. at ___, 1950. Although at this stage the Court must accept all allegations as true and draw all reasonable inferences in the complainant's favor, we need not accept threadbare legal conclusions supported only by mere conclusory statements. Id.

### C. The favorable termination requirement of Heck v. Humphrey

This case will be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny. In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, 574 U.S. 73 (2006); Muhammad v. Close, 540 U.S. 749 (2004).

Further, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S.

641, 648.

      Here, it is clear that the underlying misconduct has not been reversed or set aside.  A finding by this Court that Defendant Winstead violated Plaintiff's constitutional rights to due process during the misconduct process would "necessarily imply the invalidity" of the misconduct.  Plaintiff's action is precluded by <u>Heck</u> and <u>Balisok.</u>  Accordingly, Defendant's motion to dismiss will be granted.

      An appropriate Order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLITA ARANGO ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 08-265 |
| ) | |
| RHONDA WINSTEAD, ) | Magistrate Judge Baxter |
|     Defendant. ) | |

**O R D E R**

AND NOW, this 20th day of July, 2009;

In light of the foregoing opinion,

IT IS HEREBY ORDERED that the motion to dismiss [Document # 14] is GRANTED. The Clerk of Courts is directed to close this case.


                                  S/ Susan Paradise Baxter
                                  SUSAN PARADISE BAXTER
                                  United States Magistrate Judge